# EXHIBIT A

to Landstar System, Inc.'s and Landstar Ranger, Inc.'s Notice of Removal

*Class Action Complaint*

☐ ORIGINAL

HAINES LAW GROUP, APC
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Fletcher W. Schmidt (SBN 286462)
fschmidt@haineslawgroup.com
Andrew J. Rowbotham (SBN 301367)
arowbotham@haineslawgroup.com
Matthew K. Moen (SBN 305956)
mmoen@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355
*Attorneys for Plaintiff*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 25 2019

BY _Karina Venegas_
KARINA VENEGAS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

HANY TANIOUS, as an individual and on behalf of all others similarly situated,

Plaintiff,

vs.

LANDSTAR SYSTEM, INC., a Delaware Corporation; LANDSTAR RANGER, INC., a Delaware Corporation; and DOES 1 through 100,

Defendants.

Case No.: CIVDS1902511

CLASS ACTION COMPLAINT:

(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);

(2) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);

(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 204, 210, 226.7, 512, 558);

(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);

(5) FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES (LABOR CODE §§ 2802, 2804);

(6) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);

(7) WAITING TIME PENALIES (LABOR CODE §§ 201-203); and

(8) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)

DEMAND FOR JURY TRIAL
UNLIMITED CIVIL CASE

#190125-0867 $435 pd KV
#190125-0870 $1,000 pd KV

CLASS ACTION COMPLAINT

EXHIBIT A

Plaintiff Hany Tanious (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, hereby brings this class action complaint against Landstar System, Inc., a Delaware Corporation; Landstar Ranger, Inc., a Delaware Corporation, and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of himself and all others similarly situated, hereby brings this action for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 et. seq., Labor Code §§ 201-203, 204, 210, 226 et seq., 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802, 2804, and Industrial Welfare Commission Wage Order 9 ("Wage Order 9"), in addition to seeking declaratory relief and restitution. This action is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in San Bernardino County. Defendants own, maintain offices, transact business, have an agent or agents within San Bernardino County, and/or otherwise are found within San Bernardino County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by Labor Code §§ 201-203, 204, 210, 226 et seq., 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802, 2804,

**EXHIBIT A**

California Business and Professions Code § 17200 *et seq.* ("Unfair Competition Law"), and Wage Order 9, which sets employment standards for the construction industry.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing this action and continuing to the present, Defendants did (and continue to do) business by providing transportation services and specializing in third-party logistics, and employed Plaintiff and other, similarly-situated non-exempt employees within San Bernardino County and State of California and, therefore, were (and are) doing business in San Bernardino County and the State of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this action when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Class (as defined in Paragraph 17) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

6. Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Class.

7. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further,

3
CLASS ACTION COMPLAINT

**EXHIBIT A**

Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Class.

## GENERAL FACTUAL ALLEGATIONS

9. Plaintiff worked for Defendants as an "owner operator" from approximately January 2013 until approximately October 9, 2018. Unless otherwise specified, all allegations contained herein occurred during Plaintiff's employment with Defendants.

10. Defendants are in the business of providing transportation services throughout California and the United States. To run its business, Defendants willfully classify owner operators (whom perform Defendants' core business functions) as independent contractors, as opposed to employees. Plaintiff and other similarly situated individuals should be classified as non-exempt employees of Defendants because they provide services that are within the usual course of Defendants' business – transportation services. *See Dynamex Operations West, Inc. v. The Superior Court of Los Angeles County* (2018) 4 Cal.5th 903 ("Under this [ABC] test, a worker is properly considered an independent contractor to whom a wage order does not apply only if the hiring entity establishes: . . . (B) that the worker performs work that is outside the usual course of the hiring entity's business . . .")

11. Plaintiff was paid on a piece-rate basis, whereby Plaintiff was paid a flat piece-rate amount for each haul he delivered. However, Plaintiff was not separately compensated for time spent working on tasks which were not compensated on a piece-rate basis and was therefore not paid at least the minimum wage for all hours worked. Some of these tasks included but were not limited to, loading and preparing products for transportation, waiting for products to be delivered to loading sites, and cleaning his trailer.

12. Plaintiff worked shifts in excess of 3.5 hours and was not authorized and permitted a paid rest period for every 4-hour period worked, or major fraction thereof, because Defendants' piece-rate compensation plan failed to separately compensate Plaintiff for required rest periods. *See Bluford v. Safeway Inc.* (2013) 216 Cal. App. 4th 864; Wage Order 9, §12(A).

13. Plaintiff worked shifts in excess of 8.0 hours per day and 40.0 hours per week, however Defendants failed to pay Plaintiff 1.5x the regular rate of pay when working overtime

**EXHIBIT A**

hours. Instead, Plaintiff was only paid a flat piece-rate for all trips completed and was never compensated for any overtime hours worked.

14. As a result of the misclassification scheme, Defendants maintained no policy or practice for providing compliant meal periods to owner operators. Defendants failed to provide Plaintiff with a legally-compliant meal period for each shift Plaintiff worked in excess of 5.0 hours, and/or a second uninterrupted 30-minute meal period for each shift when Plaintiff worked in excess of 10.0 hours. Defendants failed to pay Plaintiff meal period premium payments as required by Labor Code § 226.7 when Plaintiff experienced missed or non-compliant meal periods. Upon information and belief during at least a portion of the relevant time period, Defendants maintained no payroll code or other mechanism for the payment of meal period premium payments under Labor Code § 226.7 in the event that a legally-compliant meal period was not provided to non-exempt employees.

15. Defendants required Plaintiff to use his personal cell phone and wireless internet service plan for work-related calls and navigation without reimbursing him for these expenses as required by Labor Code § 2802. Upon information and belief, Defendants failed to maintain any policy for reimbursing employees for these work-related expenses.

16. As a result of Defendants' failure to pay all minimum wages, overtime wages, and meal and rest period premium wages, Defendants maintained inaccurate payroll records, issued inaccurate wage statements to Plaintiff, and did not pay Plaintiff all wages owed at the time of his separation from employment with Defendants. Defendants also issued facially-deficient wage statements that failed to list Plaintiff's number of piece-rate units and rate per piece on the wage statement.

## CLASS ACTION ALLEGATIONS

17. **Class Definitions**: Plaintiff brings this action on behalf of himself and the following Class pursuant to § 382 of the Code of Civil Procedure: all owner operators who performed work for Defendants, and who were classified as independent contractors, during the four years immediately preceding the filing of this action through the present.

18. **Numerosity/Ascertainability**: The members of the Class are so numerous that

EXHIBIT A

joinder of all members would be unfeasible and not practicable. The membership of the Class are unknown to Plaintiff at this time; however, it is estimated that the members of the Class number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

19. **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated non-exempt employees, which predominate over questions affecting only individual members including, without limitation to:

   i. Whether Defendants lawfully paid premium wages for all overtime hours worked to members of the Class pursuant to Labor Code §§ 204, 510, 558, 1194 and 1198;

   ii. Whether Defendants lawfully paid all minimum wages for all hours worked to members of the Class pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

   iii. Whether Defendants authorized and permitted all legally compliant meal periods to members of the Class pursuant to Labor Code §§ 226.7 and 512;

   iv. Whether Defendants authorized and permitted all legally compliant rest periods to members of the Class pursuant to Labor Code §§ 226.7 and 516;

   v. Whether Defendants provided meal or rest period premium payments for non-compliant meal and/or rest periods pursuant to Labor Code § 226.7;

   vi. Whether Defendants' expense reimbursement policies and practices were compliant with California law;

   vii. Whether Defendants furnished legally compliant wage statements to members of the Class pursuant to Labor Code § 226; and

   viii. Whether Defendants paid all wages/compensation due upon separation to members of the Class pursuant to Labor Code §§ 201-203.

20. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Class. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member. As such, the common questions

**EXHIBIT A**

predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

21. **Typicality**: The claims of Plaintiff are typical of the claims of the Class because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the action. As alleged herein, Plaintiff, like the members of the Class, was deprived of all minimum and overtime wages, was not provided with all legally-compliant meal and rest periods, was not properly reimbursed for all required work-related expenses, was furnished with inaccurate and incomplete wage statements, and did not receive all wages owed at the time of his separation.

22. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Class. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Class and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Class.

23. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Class make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real

**EXHIBIT A**

and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Class identified in Paragraph 17 are maintainable as a Class under § 382 of the Code of Civil Procedure.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL OVERTIME WAGES
### (AGAINST ALL DEFENDANTS)

24. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

25. This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to overtime wages for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

26. At all times relevant herein, Defendants were required to properly pay Plaintiff and members of the Class for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 9. Wage Order 9, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek. Wage Order 9, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiff and other non-exempt employees to work

**EXHIBIT A**

1. overtime hours but did not compensate Plaintiff or members of the Class at one and one-half times their regular rate of pay for such hours.

27. The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 510, 558, 1194, and 1198, Wage Order 9, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION
## MINIMUM WAGE VIOLATIONS
## (AGAINST ALL DEFENDANTS)

28. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

29. Wage Order 9, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

30. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law. This unlawful conduct includes, but is not limited to, Defendants' uniform piece-rate compensation structure for members of the Class, which resulted in these individuals being paid on Defendants' piece-rate system, as opposed to being paid for all hours actually worked. Accordingly, Plaintiff and members of the Class were not compensated for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 9.

31. California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an

9
CLASS ACTION COMPLAINT

**EXHIBIT A**

amount equal to the wages due and interest thereon.

32. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 9.

33. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 558, 1194 *et seq.*, 1197, 1198, and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION
### MEAL PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 9, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Class at their respective regular rates of pay, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

36. As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 9, including interest thereon, statutory penalties, civil penalties, and costs of suit.

**EXHIBIT A**

## FOURTH CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

37. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

38. Wage Order 9, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof. Further, *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864 mandates that employees paid pursuant to a piece-rate compensation system be compensated separately for their rest periods.

39. Due to Defendants' unlawful rest period policy and practices, Defendants did not authorize and permit members of the Class to take all rest periods to which they were legally entitled. Despite Defendants' violations, Defendants have not paid an additional hour of pay to Plaintiff and the Class at their respective regular rates of pay for each violation, in accordance with California Labor Code § 226.7.

40. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION
## FAILURE TO REIMBURSE BUSINESS EXPENSES
## (AGAINST ALL DEFENDANTS)

41. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

42. Defendants required Plaintiff and members of the Class to incur necessary work expenses without reimbursing these employees for such necessary work expenditures during the four years preceding the filing of this action.

43. At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of

11
CLASS ACTION COMPLAINT

**EXHIBIT A**

his or obedience to the directions of the employer."

44. At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State.

45. As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, and Wage Order 9 § 9, Plaintiff and members of the Class were damaged in sums, which will be shown according to proof.

46. Plaintiff and members of the Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

47. Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Class are entitled to interest, which shall accrue from the date on which they incurred the necessary expenditure.

## SIXTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

48. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

49. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Class with complete and accurate wage statements with respect to the number of piece-rate units and rate per piece, in violation of Labor Code § 226 *et seq*.

50. Defendants' failures in furnishing Plaintiff and members of the Class with complete and accurate itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all overtime and minimum wages as well as meal and rest period premium wages and deprived them of the information necessary to identify the discrepancies in Defendants' reported data and whether they have been paid all wages earned.

**EXHIBIT A**

51. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq.*, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq.*

## SEVENTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

52. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

53. This cause of action is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages earned immediately at the time of separation of employment in the event the employer discharges the employee, or if the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

54. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Class all final wages due to them at the time of their separation which includes, among other things, underpaid overtime and minimum wages, and meal and rest period premium wages. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

55. Defendants' willful failure to timely pay Plaintiff and the members of the Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and members of the Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

**EXHIBIT A**

## EIGHTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

56. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

57. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.* by, amongst other things: failing to pay Plaintiff and the members of the Class all overtime and minimum wages for all hours worked in violation of Labor Code §§ 204, 510, 558, 1182.12, 1194, 1194.2 and 1198; failing to provide Plaintiff and members of the Class all required meal and rest periods or pay premium payments for non-compliant meal and rest periods in violation of Labor Code §§ 226.7, 512 and 516; failing to reimburse Plaintiff and members of the Class for all necessary business expenditures in violation of Labor Code § 2802 and 2804; failing to furnish Plaintiff and members of the Class with complete and accurate wage statements with respect to all hours worked, total gross wages earned, all rates of pay, and total net wages earned in violation of Labor Code §§ 226 *et seq.* and; failing to pay Plaintiff and members of the Class all earned wages at the time of their separation in violation of Labor Code §§ 201-203.

58. Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Class of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

59. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Class, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

60. The acts complained of herein occurred within the last four years immediately preceding the filing this action.

61. Plaintiff was compelled to retain the services of counsel to file this court action to

14
CLASS ACTION COMPLAINT

**EXHIBIT A**

protect his interests and those of the Class, to obtain restitution and injunctive relief on behalf of Defendants' former and current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

### PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Class;

2. For an order appointing Plaintiff as representative of the Class;

3. For an order appointing Counsel for Plaintiff as Counsel for the Class;

4. Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5. Upon the Second Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

6. Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512 and 558;

7. Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8. Upon the Fifth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

9. Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 226 et. seq.;

10. Upon the Seventh Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

11. Upon the Eighth Cause of Action, for restitution to Plaintiff and members of the Class of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et

**EXHIBIT A**

1. *seq.*;
2.     12. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;
3.     13. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, and Code of Civil Procedure § 1021.5; and
4.     14. For such other and further relief the Court may deem just and proper.

Dated: January 25, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: *[signature]*
Fletcher W. Schmidt
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: January 25, 2019

Respectfully submitted,
HAINES LAW GROUP, APC

By: *[signature]*
Fletcher W. Schmidt
Attorneys for Plaintiff

**EXHIBIT A**